UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JARRETT MILLER,<br><br>              Plaintiff,<br>v.<br>CALVIN JOHNSON, *et al.*,<br>              Defendants. | Case No. 2:20-cv-02125-GMN-VCF<br><br>ORDER |

Plaintiff, who formerly was incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has filed an application to proceed *in forma pauperis* for non-prisoners and has filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983.[1] (ECF Nos. 3, 10). Based on the financial information provided, the Court grants Plaintiff leave to proceed without prepayment of fees or costs pursuant to 28 U.S.C. § 1915(a)(1).[2] The Court now screens Plaintiff's civil rights complaint under 28 U.S.C. § 1915A.

I. **SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

---

[1] An amended complaint replaces an earlier complaint. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). Therefore, the operative complaint is the First Amended Complaint (ECF No. 3).

[2] Plaintiff is not subject to the requirements of 28 U.S.C. § 1915(a)(2), (b) because he is no longer a "prisoner" within the meaning of the statute. *See* 28 U.S.C. § 1915(h).

1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF FIRST AMENDED COMPLAINT

In his First Amended Complaint ("FAC"), Plaintiff sues multiple Defendants for events that allegedly took place while Plaintiff was incarcerated at High Desert State Prison ("HDSP"). (ECF No. 3 at 1). Plaintiff sues Defendants Calvin Johnson, Charles Daniels, and Ernest. (*Id.* at 1-3). Plaintiff also lists John Doe, Control c/o" as a defendant.[3] (*Id.* at 3). Plaintiff brings one count and seeks monetary damages. (*Id.* at 4, 9).

---

[3] The Court notes that a complaint cannot be served on an unnamed person and a case may not proceed against a person unless that person is served with the complaint. Furthermore, as a general rule, the use of "Doe" pleading to identify a defendant is not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, the Court recognizes that there are situations where the identity of alleged defendants cannot be known prior to the filing of a complaint." *Id*. To the extent possible, a plaintiff should try to
*(fn. cont…)*

The FAC alleges the following: Another inmate assaulted Plaintiff and battered him with an officer's baton. (*Id.* at 3). Officers knew Plaintiff was in a mixed custody unit and failed to protect him under the Eighth Amendment by opening more than one cell door at once to administer meals, resulting in the inmate assaulting Plaintiff. (*Id.*) Plaintiff concludes that the NDOC and HDSP are liable.[4] (*Id.* at 3). Plaintiff was classified as a protective custody inmate. (*Id.* at 4). On May 29, 2020, Plaintiff was assaulted, battered and beaten with a correctional officer's baton by a general population inmate in the "Fish Tank" in unit 1, Pod C, Cell 6, while incarcerated by the NDOC at HDSP. (*Id.*).

The complaint includes the following allegations that the Court finds difficult to understand: "C/O John Doe in control by Deliberate Indifference to Plaintiff's Health and Safety, and failed to protect Plaintiff, opened more than one cell door at a time, that resulted in this assault, and closed the Assultor Inmate Campbell in Cell 1-c-6, with c/o Ernest's Baton, while c/o Ernest went to get his raido, to continue to assault Plaintiff." (*Id.*) Ernest, who "eye-witnessed this assault, by deliberate Indifference to Plaintiff's health and safety, and failed to protect Plaintiff, as c/o Ernest knew Plaintiff was in a mixed custody unit and administered meals by opening more than one cell door at a time, which

---

identify the names of defendants. If a plaintiff does label a defendant as a "Doe," the plaintiff must adequately describe that particular Doe and the plaintiff must adequately allege in the complaint what that specific person did to violate his rights. If a plaintiff states a colorable claim against a particular Doe defendant, the Court later may provide the plaintiff with an opportunity through discovery to identify that particular unknown defendant, unless it is clear that discovery would not uncover that person's identity or that the complaint would be dismissed on other grounds. *Id.* The plaintiff then would be required to file an amended complaint, including that person as a defendant by using that person's true name and stating a claim against that person. Plaintiff has not stated a colorable claim against a specific Doe defendant.

[4] The Court notes that neither HDSP nor the NDOC is named as a defendant. Furthermore, neither HDSP nor the NDOC may be held liable for an Eighth Amendment violation. HDSP is an inanimate building, not a person or entity subject to liability. *See Allen v. Clark Cnty. Det. Ctr.*, 2:10-CV-00857-RLH, 2011 WL 197201, *4 (D. Nev. Jan. 20, 2011) (finding that "[t]he law defines persons as including natural persons (*i.e.*, human beings) as well as corporations and political subdivisions. However, objects such as buildings do not fit within this definition."). The NDOC is an arm of the state of Nevada and therefore is not a "person" subject to suit for purposes of § 1983. *See Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Black v. Nevada Dep't of Corr.*, 2:09-cv-2343-PMP-LRL, 2010 WL 2545760, *2 (D. Nev. June 21, 2010).

resulted in this attack; failed to properly handle his baton; failed to have a raido on personal; failed to adequately disfuse this assault; inflicting more injury to Plaintiff." (*Id.*)

Based on these allegations, Plaintiff concludes that this was a violation of the Eighth Amendment. (*Id.*)

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). To establish violations the Eighth Amendment, the prisoner must establish that prison officials were deliberately indifferent to serious threats to the inmate's safety. *Id.* at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.* at 837. It is not enough that the official objectively should have recognized the risk but did not. *Jeffers v. Gomez*, 267 F.3d 895, 914 (9th Cir. 2001). Thus, negligence or a mere mistake is insufficient to violate the Eighth Amendment. *Id.* at 835-36. Similarly, prison officials who know of a substantial risk to an inmate's health and safety are liable only if they responded unreasonably to the risk, even if the harm ultimately was not averted. *Farmer*, 511 U.S. at 844.

In addition, plaintiffs alleging a claim for deliberate indifference must also demonstrate that the defendant's actions were both an actual and proximate cause of their injuries. *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013).

Furthermore, a defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has

violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Therefore, a Plaintiff must allege facts sufficient to show that each particular defendant was deliberately indifferent and caused the harm; a defendant does not become liable for an Eighth Amendment violation merely because a co-worker or subordinate was deliberately indifferent. *Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011).

He alleges facts sufficient to show that another inmate was a threat to his safety and injured him. However, Plaintiff has not alleged any facts concerning Calvin Johnson or Charles Daniels and therefore necessarily does not state a claim against either of these defendants. To the extent Plaintiff is attempting to state claims against them merely because they are the NDOC Director the Warden of HDSP, Plaintiff does not and cannot state a claim. The Court therefore dismisses without prejudice the claims against these defendants.

Plaintiff makes conclusory allegations of "deliberate indifference" and "failure to protect" in connection with Ernest and the John Doe defendant, but such conclusory allegations are not sufficient to state a colorable claim. Plaintiff does not clearly allege facts sufficient to show deliberate indifference by any particular defendant. This may be because the Court does not understand some of the allegations concerning Ernest and John Doe. The Court therefore finds that Plaintiff has not stated a colorable claim. It appears that Plaintiff may be alleging negligence. However, it is possible that Plaintiff may be able to allege facts sufficient to show deliberate indifference by a particular defendant but he has not done so.

The Court therefore dismisses the complaint without prejudice and with leave to amend. If Plaintiff chooses to amend the complaint, he may not rely on conclusory statements of "deliberate indifference" or a "failure to protect" to state a claim. Instead, for each particular defendant, he must allege facts sufficient to show that the particular defendant was deliberately indifferent. Plaintiff is encouraged to clearly describe, step by step, what it is that happened, clearly describing what each particular defendant did. Plaintiff should not merge a number of different sentence fragments into one

incomprehensible sentence. The Court must be able to tell what each particular defendant did and must be able to understand <u>factual allegations</u> that would show that a particular defendant deliberately and unreasonably took actions with the conscious belief that such actions would endanger or injure Plaintiff. Plaintiff also must allege *facts* that would be sufficient to show that a particular defendant's alleged conduct caused Plaintiff specified injuries. Allegations that would show that a defendant should have known something or was negligent or made a mistake will not be sufficient. The mere failure to understand the danger to Plaintiff will not be sufficient. The mere failure to prevent the injuries will not be sufficient.

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the complaint. If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff should file the amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "Second Amended Complaint." For each cause of action and each Defendant, he must allege facts sufficient to show that the Defendant violated Plaintiff's civil rights. Plaintiff may not amend the complaint to add unrelated claims against other defendants. Furthermore, an amended complaint does not include claims based on events that have taken place since the original complaint was filed.

The Court notes that, if Plaintiff chooses to file an amended complaint curing the deficiencies, as outlined in this order, Plaintiff must file the amended complaint within 30 days from the date of entry of this order. If Plaintiff does not timely file an amended

complaint curing the stated deficiencies, this action will be dismissed with prejudice for failure to state a claim.

### III. CONCLUSION

It is therefore ordered that Plaintiff's application to proceed in district court without prepaying fees or costs (ECF No. 10) is granted.

It is further ordered that the operative complaint is the First Amended Complaint (ECF No. 3), and the Clerk of the Court will send Plaintiff a courtesy copy of the First Amended Complaint.

It is further ordered that the First Amended Complaint is dismissed without prejudice and with leave to amend.

It is further ordered that, if Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff shall file the amended complaint within 30 days from the date of entry of this order.

It is further ordered that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint and instructions for the same. If Plaintiff chooses to file an amended complaint, he should use the approved form and he must write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that, if Plaintiff fails to file a timely amended complaint, this action shall be dismissed with prejudice for failure to state a claim.

DATED THIS 7 day of July 2021.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE